UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUNE BARNES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 11 C 8632 |
| HOMESTART MORTGAGE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.; OHIO SAVINGS BANK; WELLS FARGO HOME MORTGAGE; HOUSEHOLD FINANCE CORPORATION III, | ) ) Judge John W. Darrah ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff June Barnes filed a *pro se* Complaint against Homestart Mortgage Corporation ("Homestart"); Mortgage Electronic Registration Systems, Inc. ("MERS"); Ohio Savings Bank; Wells Fargo Home Mortgage ("Wells Fargo"); and Household Finance Corporation ("Household"). Before the Court is Wells Fargo's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has filed a one-sentence document in response to Well Fargo's Motion, stating "Motion to Dismiss Complaint. Dismiss the complaint on file without prejudice." (Dkt. No. 27.)

### BACKGROUND

The following facts are taken from Plaintiff's Complaint and are accepted as true for purposes of resolving this Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d

759, 763 (7th Cir. 2010). On May 20, 2005, Barnes obtained a mortgage from Homestart, in the amount of $280,000, to purchase 3640 South Calumet Avenue, Chicago, IL 60653. (Compl. ¶ 7.) In connection with her transaction, Barnes received a special warranty deed to the property from Household. (*Id.* ¶ 8.)

Barnes alleges that "[o]n or before" before May 20, 2005, Homestart sold the mortgage to Ohio Savings Bank. (*Id.* ¶ 9.) In November 2005, Ohio Savings Bank sold the mortgage to Wells Fargo. (*Id.* ¶ 11.) Barnes further alleges upon information and belief that the mortgage was transferred to MERS, which "sliced and diced" the mortgage into mortgage-backed securities and sold them on Wall Street to investors. (*Id.* ¶ 12.) Finally, Barnes alleges that after its origination, her mortgage was "sold to numerous servicers" and that "none of the defendants in this action owned the note" or were the trustees or beneficiaries nor had the original note assigned to them. (*Id.* ¶ 20.)

Barnes asserts claims against Wells Fargo for "broken chain of title" and for a loan modification under the Truth-In-Lending Act, 15 U.S.C. § 1635 ("TILA").

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as

true, and all reasonable inferences are construed in the plaintiff's favor. *Id.* However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008). When considering a motion to dismiss under Rule 12(b)(6), a complaint filed by a *pro se* litigant is to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## ANALYSIS

In Plaintiff's filing, she appears to concede that her Complaint should be dismissed without prejudice. To the extent she does not, her filing does not constitute a response to Wells Fargo's Motion to Dismiss as Plaintiff fails to address any of Well Fargo's argument. Therefore, Plaintiff's failure to respond is a sufficient basis within itself to grant Wells Fargo's Motion to Dismiss. *See Kirksy v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1043 (7th Cir. 1999) ("by failing to respond responsively to the motion to dismiss . . . [plaintiff] forfeited her right to continue litigating her claim").

Wells Fargo's Motion to Dismiss also succeeds on the merits. As to Plaintiff's "Broken Chain of Title" claim, Plaintiff alleges Wells Fargo was never the holder of the mortgage note and unlawfully sold the loan, breaking the chain of title. (Compl. ¶¶ 14-16.) The Court is

3

unaware of such a cause of action. In any event, Plaintiff does not allege that Wells Fargo engaged in any wrongdoing, does not identify any relief sought by Barnes, and does not provide a basis for relief. Rather, Barnes alleges that her note became "null and void" in the securitization process. Plaintiff has failed to sufficiently plead any cognizable claim under Illinois law. Wells Fargo's Motion is granted with prejudice as to Plaintiff's broken-chain-of-title claim.

Next, Barnes alleges Wells Fargo's refusal to modify the loan and sale of the loan without notifying her in writing violated the TILA under 15 U.S.C. § 1635(a) and Regulation Z 12 C.F.R. § 226.15(b). (Compl. ¶¶ 18-21.) The TILA allows a borrower to rescind a mortgage loan transaction against either the creditor or an assignee due to certain disclosure violations at the time of the loan's origination. *See* 15 U.S.C. §§ 1653, 1641(c), 12 C.F.R. § 226.15.

The TILA has a three-year statute of repose for rescission claim. 15 U.S.C. ¶ 1635(f) ("An obligor's right of recession shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first."). The limitation period begins to run as of the date the transaction is consummated or "closed" – the date the borrower signed the loan documents. *See* 12 C.F.R. § 226.2(a)(13); *Horton v. Country Mortg. Servs., Inc.*, No. 07 C 6530, 2010 WL 55902, at *2 (N.D. Ill. Jan. 4, 2010) (if a creditor fails to deliver the required material disclosures, the right to rescind expires three years after consummation of the loan). Plaintiff alleges that her loan transaction occurred on May 20, 2005. (Compl. ¶ 7.) With this allegation, Plaintiff has pled herself out of court. *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (observing that it is "irregular" to dismiss a complaint on the basis of an

affirmative defense, such as the statute of limitations, unless "the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense").

Plaintiff's TILA claim, filed on December 5, 2011, is barred by the statute of repose. Accordingly, Plaintiff's TILA claim is dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, Wells Fargo's Motion to Dismiss [26] is granted with prejudice. Plaintiff's "Motion" [27] is denied as moot. The case against Wells Fargo is terminated.

Date: 9-20-12

JOHN W. DARRAH
United States District Court Judge